

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

DAWUD Y. ISLAM,

     Petitioner,

v.                          Civil Action No. **3:07CV418**

VIRGINIA SUPREME COURT, <u>et al.</u>,

     Respondents.

### MEMORANDUM OPINION

Petitioner, a Virginia inmate, filed this petition for a writ of mandamus. The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

### Preliminary Review

The Court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); <u>see</u> 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" <u>Clay v. Yates</u>, 809 F. Supp. 417, 427 (E.D. Va. 1992) (<u>quoting</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). While the Court liberally construes <u>pro</u> <u>se</u> pleading, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, <u>sua</u> <u>sponte</u> developing statutory and constitutional

theories for relief that the inmate failed to clearly raise.  <u>See</u>
<u>Brock v. Carroll</u>, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J.,
concurring); <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th
Cir. 1985).[1]

### Allegation and Analysis

Islam has petitioned this Court to issue a writ of mandamus
against the Supreme Court of Virginia, the Chief of Judge of the
Supreme Court of Virginia, and the Clerk of the Supreme Court of
Virginia (hereinafter "Respondents").    Islam  requests  that
Respondents be directed to properly process his submissions to the
Supreme Court of Virginia.  Islam further demands that the Supreme
Court of Virginia issue a writ of mandamus to the Circuit Court for
the City of Richmond to properly process his submissions to that
Court.   This federal court lacks jurisdiction to grant mandamus
relief against state officials or state courts.   <u>See</u> <u>Gurley v.</u>
<u>Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587 (4th Cir.
1969).  Accordingly, the action will be DISMISSED.

---

[1] This Court previously dismissed a 28 U.S.C. § 2254 petition
by Islam challenging his criminal convictions.   <u>Islam v. Braxton</u>,
Civil Action No. 3:03CV174 (E.D. Va. Mar. 24, 2004).   Thus, the
Court does not construe the present action to be a petition
pursuant to 28 U.S.C. § 2254.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Islam.

An appropriate Order shall issue.

                                        /s/                     REP

                                    Robert E. Payne
                                    Senior United States District Judge

Date: _November 9, 2007_
Richmond, Virginia

3